UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERARDO DE JESUS MATUTE-SANTOS,

                Petitioner,

-vs-                                                    Case No. 8:10-cv-199-T-33TBM

UNITED STATES OF AMERICA,

                Respondent.
_____/

## ORDER

THIS CAUSE was initiated upon the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Petitioner Matute-Santos is a federal prisoner incarcerated at FCI, Fort Dix, New Jersey. Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

Matute-Santos' entire petition reads:

    APPLICATION FOR RELIEF UNDER TITLE 28 U.S.C. § 2241

    COMES NOW the petitioner, in the now cited request, and seeks placement on this Court's calendar and docketing by the receipt of this request.

    The Petitioner's issues exceed the basis for facilitating the lawful necessity of this request, [indecipherable] United States Government, to date, are in violation of law and ethics in the matter.

> The Petitioner will offer in his docketed brief, argument and proof of necessity of this motion. The Petitioner awaits his scheduling and docketing, as a grant of this application.

(Doc. 1)

## BACKGROUND

Matute-Santos was convicted and sentenced to one hundred and sixty-eight months incarceration after he pled guilty to Counts One and Two of the Indictment in Case 8:04-cr-246-T-30TBM. (Doc. cr-126). Matute-Santos filed a timely Notice of Appeal (Doc. cr-131). On February 17, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence. The mandate issued March 24, 2006. (Doc. cr-192).

Matute-Santos then filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence. (Doc. cr-198; 8:06-cv-793-T-30TBM). On June 14, 2006, this Court denied the motion to vacate. (Doc. cr-198) (See copy of order denying the motion to vacate attached). On July 18, 2006, the Court denied Matute-Santos' motion for a certificate of appealability. (Doc. cr-214). Matute-Santos did not appeal the denial of his 28 U.S.C. § 2255 motion to vacate or the denial of his motion for certificate of appealability.

## DISCUSSION

A review of the civil and criminal files demonstrates that the 28 U.S.C. § 2241 petition must be denied. Title 28 U.S.C. § 2255(e) reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Matute-Santos has not shown that his 28 U.S.C. §2255 motion to vacate, set aside, or correct an illegal sentence was an inadequate or ineffective remedy to test the legality

of his detention. Therefore, he has improperly filed the present 28 U.S.C. § 2241 petition for writ of habeas corpus.

Furthermore, Matute-Santos has failed to raise any grounds for relief in the present petition for writ of habeas corpus.

Accordingly, the Court orders:

That Matute-Santos' 28 U.S.C. § 2241 petition for writ of habeas corpus is denied. The Clerk is directed to enter judgment against Matute-Santos and to close this case.

ORDERED at Tampa, Florida, on February 1, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Gerardo De Jesus Matute-Santos